**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT | ) | |
| LLOYD'S, LONDON, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | DOCKET NUMBER |
| | ) | |
| METROPOLITAN HOLDINGS, LLC, | ) | |
| M.P.-C., A MINOR | ) | |
| BY AND THROUGH HER MOTHER AND | ) | |
| NATURAL PARENT, ANDREA MARTIN, | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY RELIEF AND CLAIM FOR JURY TRIAL**

**NATURE OF ACTION**

1.    This Complaint is a request for judgment, declaring that an insurance policy issued by Certain Underwriters at Lloyd's, London subscribing to Certificate XSZ35912 ("Underwriters") does not require Underwriters to continue to defend, or to indemnify, Metropolitan Holdings, LLC ("Metropolitan") relative to the claims brought in the case of M.P.-C., a minor by and through her mother and natural parent, Andrea Martin v. Metropolitan Holdings, LLC, alias and/or John Doe Corporation, alias and/or John Doe and/or Jane Doe, alias individually and as agents of Metropolitan Holdings, LLC and/or Doe Corporation, Providence Superior Court Civil Action No. 2017-1498 (the "Underlying Action").

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction over this matter under 28 USC § 1332 in that it arises between citizens of different states / countries and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3.      Venue is proper in this district under 28 USC § 1391(a)(2) and (b)(1) and/or (b)(2) as this action concerns an insurance policy issued to Metropolitan, a Rhode Island limited liability company with a principal place of business in Providence, Rhode Island.

## PARTIES

4.      Underwriters are those individuals subscribing to a policy of insurance, Certificate XSZ35912, providing certain commercial general liability and property coverage, effective March 7, 2014 through March 7, 2015.

5.      Metropolitan is a Rhode Island limited liability company with a principal place of business at 3 Lafazia Drive, Johnston, Rhode Island.

6.      M.P.-C. is minor who resides in Providence, Rhode Island, and joins as a plaintiff making her claim in the Underlying Action by and through her mother and natural parent.

7.      Andrea Martin is an individual residing in Providence, Rhode Island, who brings claims in the Underlying Action on behalf of M.P.-C. as her mother and natural parent.

## BACKGROUND / FACTUAL ALLEGATIONS

8.      Andrea Martin has filed an action on behalf of M.P.-C. in Providence Superior Court, Civil Action No. 2017-1498, asserting claims for negligence, negligent misrepresentation and omissions, and punitive damages against Metropolitan.  A true copy of the Complaint in the Underlying Action is attached hereto as "A."

9.      The claims in the Underlying Action derive from M.P.-C.'s alleged exposure to "dangerous, hazardous and illegal levels of lead-based paint, plaster, and materials" while she was a tenant at property located at 88 Unit Street, Providence, Rhode Island ("the Property").

10.     Martin alleges in the Underlying Action that Metropolitan owned the Property and M.P.-C. was a lawful tenant when the levels of lead-based paint, plaster, and materials present in the Property

exceeded "acceptable environmental lead levels" that violated the Lead Poisoning Prevention Act (RIGL §23-24.6 et seq), the Rules and Regulations for Lead Poison Prevention (R23-24.6-PB) and the Housing Maintenance and Occupancy Code (RIGL 45-24.3 et seq.), and were not corrected in a timely fashion.

11.     Martin alleges in the Underlying Action that M.P.-C. was diagnosed with lead poisoning on or about July 21, 2014, during her tenancy with Metropolitan.

12.     Martin alleges in the Underlying Action that M.P.-C. was lead poisoned as a result of Metropolitan's breach of duties to maintain a safe premises, inspect for defects, warn of hazardous conditions, and provide "pamphlets, literature and educational materials" to M.P.-C. / Martin prior to their tenancy that set forth and explained the hazards and potential hazards of lead paint.

13.     Martin also alleges in the Underlying Action that M.P.-C. was lead poisoned as a result of Metropolitan's negligent misrepresentations and/or omissions relative to the condition and habitability of the Property.

14.     Martin also alleges in the Underlying Action that punitive damages should be imposed against Metropolitan for its "willful, wanton, and reckless" actions and inactions.

15.     Underwriters are providing a defense to Metropolitan in the Underlying Action under a reservation of rights.

## POLICY LANGUAGE

16.     At all times herein, Underwriters issued a commercial insurance policy, Certificate No. XSZ35912, to *Metropolitan Holdings, LLC* with a policy period running from March 7, 2014 to March 7, 2015 ("the Policy").  A true and correct copy of the Policy is attached hereto as Exhibit "B."

17.     The Policy provides certain commercial general liability insurance.

18.     The following relevant provisions appear in the Policy's *Commercial General Liability Coverage Form* (CG 00 01 12 07):

***COMMERCIAL GENERAL LIABILITY COVERAGE FORM***

*Various provisions in this policy restrict coverage.  Read the entire policy carefully to determine rights, duties and what is and is not covered.*

*Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.  The words "we", "us" and "our" refer to the company providing this insurance.*

*The word "insured" means any person or entity identified as such under Section II – Who is an Insured.*

*Other words and phrases that appear in quotation marks have special meaning.  Refer to Section V – Definitions.*

***SECTION I – COVERAGES***
***COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY***
*1.*     *Insuring Agreement*
   ***a.***   *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.   We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result . . .*
   *. . .*
   ***e.***   *Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".*

19.     The Policy's *Commercial General Liability Coverage Form* (CG 00 01 12 07) also includes Coverage B – Personal and Advertising Injury Liability that provides in relevant part:

***SECTION I – COVERAGES***
***...***

***COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY***
*1.*     *Insuring Agreement*
   ***a.***   *We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to*

*which this insurance does not apply.   We may, at our discretion, investigate any offense and settle any claim or "suit" that may result . . .*

. . .

20.     The Policy defines the terms applicable to Coverage A and Coverage B in Section V:

***SECTION V – DEFINITIONS***
. . .

**3.   "Bodily injury"** *means bodily injury, sickness or disease sustained by a person, including death results from any of these at any time.*
. . .

**13.   "Occurrence"** *means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

**14.   "Personal and advertising injury"** *means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*
...
*c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;*
...

21.     The Policy also includes a **Lead Contamination** exclusion, added by the CGL Blanket

Endorsement, CNL-E102(05-10), that provides:

 **A.   Additional Exclusions:**

*The following exclusions are added to the policy:*

*This insurance does not apply to:*
. . .

**2. Lead Contamination**
**a.**   *"Bodily injury", "property damage", or "personal and advertising injury" arising out of the actual, alleged or suspected:*

**(1)** *Ingestion, inhalation, absorption, or prolonged physical exposure or threat of exposure to lead in any form, or goods or products containing any form of lead;*
**(2)** *Use of any form of lead in constructing or manufacturing any good, product or structure; or*
**(3)** *Removal of any forms of lead from any good, product, or structure, of from any body of water and/or watercourse, including but not limited to an ocean, lake, estuatry, or marsh, or any land, and/or soil of any nature whatsoever;*

> ***(4)*** *Manufacture, sale, transportation, storage, or disposal of lead, or goods or products containing any form of lead; or*

. . . .

22. The Policy also includes a **Fines, Penalties, Punitive or Exemplary Damages Exclusion** (CNL-E108 (01-08)) that provides:

> *This insurance does not apply to:*
>
> *Fines, penalties and punitive or exemplary damages. If a claim or a "suit" is brought against an insured for a claim within the coverage provided under this policy, seeking fines, penalties, compensatory and punitive or exemplary damages, then we shall afford a defense for such action. We shall not, however, have any obligation to pay for any costs, interest or damages attributable to fines, penalties and punitive or exemplary damages.*
>
> *If State law provides for statutory multiple damage awards, we will pay only the amount of the award before the multiplier is applied.*

## COUNT I – DECLARATION THAT ALL CLAIMS AGAINST METROPOLITAN ARE BARRED BY THE "LEAD CONTAMINATION" EXCLUSION

23. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 22 as if fully stated herein.

23. An actual controversy within the jurisdiction of this Court exists between the parties as to whether or not Certain Underwriters at Lloyd's, London subscribing to Policy XSZ35912 are required to defend or indemnify Metropolitan for the claims asserted in the Underlying Action.

24. The Policy excludes coverage for any claim for "bodily injury" or "personal and advertising injury" *arising out of the actual, alleged or suspected: Ingestion, inhalation, absorption, or prolonged physical exposure or threat of exposure to lead in any form, or goods or products containing any form of lead,* or *Use of any form of lead in constructing or manufacturing any good, product or structure.*

25.     Martin alleges that M.P.-C. was lead poisoned from exposure to "dangerous, hazardous and illegal levels of lead-based paint, plaster, and materials" while she was a tenant at the Property.

26.     All of the claims against Metropolitan arise from M.P.-C.'s *ingestion, inhalation, absorption, or prolonged physical exposure* to lead and/or the use of lead in the "lead-based paint, plaster, and materials" alleged to have exceeded legal levels at the Property.

27.     Coverage for all claims and damages sought in the Underlying Action is excluded by the Policy's "**Lead Contamination" Exclusion.**

WHEREFORE, the plaintiffs, Underwriters, request a judgment declaring as follows:

a.     That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ35912 are not required to provide Metropolitan or any defendant with a defense to any claim asserted in the Complaint because of applicable and controlling language and/or exclusions contained in the Policy.

b.     That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ35912 are not required to defend or indemnify Metropolitan or any defendant for any claim asserted in the Underlying Action because of the Policy's "**Lead Contamination" Exclusion.**

c.     That Certain Underwriters at Lloyd's, London subscribing to Policy XSZ35912 be awarded all other relief allowed by law or equity which the Court deems appropriate and just.

## COUNT II – DECLARATION THAT THE CLAIM FOR PUNITIVE DAMATES IS BARRED BY THE "FINES, PENALTIES, PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION"

28.     The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 27 as if fully stated herein.

29.     An actual controversy within the jurisdiction of this Court exists between the parties as to whether or not Certain Underwriters at Lloyd's, London subscribing to Policy XSZ35912 are required to defend or indemnify Metropolitan in the Underlying Action for the claims asserted in the Complaint.

30. The Policy excludes coverage for any award of *fines, penalties and punitive or exemplary damages.*

31. Martin asserts a claim on behalf of M.P.-C. for punitive damages.

32. Coverage for any punitive damages that may be awarded is excluded by the Policy's **"Fines, Penalties, Punitive or Exemplary Damages Exclusion."**

WHEREFORE, the plaintiffs, Underwriters, request a judgment declaring as follows:

a. That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ35912 are not required to indemnify Metropolitan or any defendant for any award or judgment for punitive damages in the Underlying Action because of the Policy's **"Fines, Penalties, Punitive or Exemplary Damages Exclusion."**

b. That Certain Underwriters at Lloyd's, London subscribing to Policy XSZ35912 be awarded all other relief allowed by law or equity which the Court deems appropriate and just.

### THE PLAINTIFFS CLAIM A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Certain Underwriters at Lloyd's, London,
By Their Attorneys:

Dated: May 23, 2017

_____*/s/ Thomas B. Farrey, III*_____
**THOMAS B. FARREY, III/ #6457**
**JAMES T. HUGGARD/ #6464**
Burns & Farrey, P.C.
446 Main Street, 22nd Floor
Worcester, MA 01608
Tel.:    508.756.6288
EMail: Farrey@BurnsandFarrey.com
          Huggard@BurnsandFarrey.com

JPM/kna
(LO331-#1003672)